IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MEDFINMANAGER, LLC § § Plaintiff, § § v. § § Civil Action No. 5:23-cv-00963 HENRY RIDGEWAY § AND WILLIAM KEILER § § Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff MedFinManager, LLC ("Plaintiff" herein) brings this lawsuit, asserting claims for Fraud, Conspiracy to Commit Fraud, Negligent Misrepresentation, claims declaratory relief under the Uniform Declaratory Judgment Act, Promissory Estoppel and Quantum Meruit against Defendants Henry Ridgeway and William Keiler, and in support thereof shows as follows:

### I.   NATURE OF SUIT

This is a lawsuit brought based on the fraudulent representations of the Defendants made to the Plaintiff, the Judge in the case and the public and the courts for which justice demands relief.

### II.   JURISDICTION AND VENUE

1.   This Court has jurisdiction over the claims because Plaintiff, an Arizona corporation has asserted claims seeking a declaratory judgment under federal law. Moreover, jurisdiction is proper based on diversity. The current diversity jurisdiction provision is codified at 28 U.S.C. § 1332 and grants federal court jurisdiction in all civil actions between citizens of different states and between a citizen of a state and a subject of a foreign state if the amount in controversy

exceeds $75,000. Defendants are both residents of the State of Texas Plaintiff MedFinManager, LLC is a foreign corporation based in the state of Arizona. The amount in controversy exceeds $250,000.00.

2.      Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in whole or in part in this District.

### III.    PARTIES

3.      Plaintiff is a foreign Arizona based LLC that does business in the State of Texas.

4.      Defendant Henry Ridgeway is a former Texas attorney who does business in and resides in the State of Texas. Ridgeway may be served by the clerk of the court by serving him by certified mail, return receipt requested at his home address or wherever he may be found as follows: 206 Mesa Alta, San Antonio, Texas 78232. A waiver request is first being served on Defendant Ridgeway.

5.      Defendant William Keiler is a Texas attorney who does business in and resides in the State of Texas. Ridgeway may be served by the clerk of the court by serving him by certified mail, return receipt requested at his business address or wherever he may be found as follows: 342 Brees Blvd., San Antonio, Texas 78209. A waiver request is first being served on Defendant Keiler.

### IV.    FACTUAL ALLEGATIONS

6.      Defendant Henry Ridgway, a former attorney practicing in the State of Texas, was a Defendant in a suit brought against him based on his fraudulent conduct, his contractual agreement, obligations, and duties he owed to Plaintiff MedFinManager, LLC. Eventually, a jury found Defendant Ridgeway guilty of breach of contract and fraud and awarded Plaintiff MedFinManager, LLC damages against Defendant Ridgeway in the amount of $215,104.39. A final Judgment against Ridgeway was entered by the court on August 19, 2022.

7. In the underlying case, Plaintiff sought a temporary injunction and temporary restraining order against Defendant Ridgeway. As part of the hearing, counsel for Defendant Ridgeway, in an effort to avoid the necessary elements for an temporary retraining order and temporary injunction and to have funds placed into the registry of the court, presented a notarized signed document to the court, where Defendant Keiler represented the following to the court:

> I am an attorney licensed to practice in the State of Texas.

> "I am the owner of certain Morgan Stanley accounts with a balance of more than $414,000.00. I pledge up to $215,000.00 of these accounts to pay damages. If any incurred by Henry Ridgeway in No. 2017-CI-23662, MedfinManager, LLC vs. Ernest P. Barrett. I also agree not to allow the balances of my accounts to be less than $215,000.00 until this litigation is completed or until this obligation is released by further order of the court."

8. Defendant Keiler admitted in his deposition that he made the pledge and pledged to use up to $215,000.00 to pay damages incurred by Ridgeway. Keiler admitted that Ridgeway explained to Keiler why Ridgeway needed Keiler to make the pledge, which would include explaining that it would be presented to the judge and the court as an affirmative representation to the court.

9. Ridgeway represented in his deposition that Keiler agreed he would put up the funds to cover any potential judgment against Ridgeway.

10. The judgment has now become enforceable, and Ridgeway has not posted any type of bond or other means to prevent enforcement of the judgment in the amount of at least $215,000.00, and plaintiff seeks declaratory relief that he is entitled to enforce the agreement made by the document against Keiler and Ridgeway and a declaration that the agreement is enforceable.

11.     In the alternative, Plaintiff asserts and seeks enforcement claims based on negligent misrepresentation by both Keiler and Ridgeway, fraud, conspiracy to commit fraud and claims based on promissory estoppel, and quantum meruit.

### V.     CAUSE OF ACTION:  CLAIMS BROUGHT PURSUANT TO THE DECLARATORY JUDGMENT ACT UNDER STATE AND FEDERAL LAW

12.     Plaintiff seeks a declaration that Defendant Keiler is obligated to comply with the affidavit that he knew was being submitted to the court as a declaration, admission or notification of his obligation to comply.  Plaintiff seeks an order from the court mandating compliance with the document submitted and mandating payment.

13.     Plaintiff seeks a declaration that the document is enforceable as to Defendant Keiler and/or Ridgeway, particularly when the document was being presented to the Judge, Plaintiff and the court as an enforceable and binding affirmation of Keiler's obligations with regard to any judgment against Ridgeway;

### VI.     CAUSE OF ACTION:  NEGLIGENT MISREPRESENTATION

14.     Plaintiff further asserts that it has suffered damages as a result of the negligent and/or intentional misrepresentations by the Defendants, jointly and/or individually, to the court, to the Judge and to Plaintiff on which they relied. As attorneys and officers of the court, Defendants individually and jointly knew that they made representations and filings with the court and were duty bound to comply with the Texas Disciplinary Rules and Rules of Ethics.  By negligently and/or intentionally making such representations, they have violated their duties to the court, to the public and to Plaintiff.

### VII.   CAUSE OF ACTION: BREACH OF CONTRACT

15.   Plaintiff repeats the foregoing allegations as if fully set forth herein. Plaintiff asserts there was a valid and enforceable contract. Defendants breached the contract. Defendants' breach caused Plaintiff's damages. Plaintiff is a proper party to sue for breach of contract.

### VIII.   CAUSE OF ACTION: ,

16.   Plaintiff repeats the foregoing allegations as if fully set forth herein. Additionally, or in the alternative, Defendants made a promise to pay Plaintiff in the event of a judgment. Defendants should be estopped from denying the promise. Defendants made the promise to influence Plaintiff's decision with regard to their court actions. Plaintiff substantially, reasonably, and detrimentally relied on Defendants' promises and representations. Defendants expected or should have expected that the promise would result in harm to Plaintiff. Only by enforcing Defendants' promise can injustice to Plaintiff be avoided. Defendants' failure to pay Plaintiff caused Plaintiff's damages.

### IX.   FRAUD AND CONSPIRACY TO COMMIT FRAUD

17.   Plaintiff repeats the foregoing allegations as if fully set forth herein. Additionally, or in the alternative, Defendants jointly and/or individually knowingly made a false, material representation with the intent to induce the court, the judge and Plaintiff to act and/or refrain from taking further action. The Defendants conspired to make these representations and now dispute any such intention to act. Plaintiff relied on that false representation and incurred damages and/or Defendants have failed and/or refuse to pay such damages. Plaintiff substantially, reasonably and detrimentally relied on Defendants' false representations. Defendants expected or should have expected that the representation would result in harm to Plaintiff. Only by enforcing Defendants' representation can injustice to Plaintiff be avoided.

## X.   RELIEF SOUGHT

18. WHEREFORE, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

For declaratory relief including a declaration that Defendant Keiler is obligated to comply with the affidavit that he knew was being submitted to the court as a declaration, admission or notification of his obligation to comply. Plaintiff seeks an order from the court mandating compliance with the document submitted and mandating payment;

Plaintiff seeks a declaration that the document is enforceable as to Defendant Keiler and/or Ridgeway, particularly when the document was being presented to the Judge, Plaintiff and the court as an enforceable and binding affirmation of Keiler's obligations with regard to any judgment against Ridgeway;

For an Order awarding Plaintiff, the costs of this action;

For an order awarding Plaintiff attorneys' fees;

For an order and judgment for $215,104.39;

For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

By: */s/ Adam Poncio*
Adam Poncio (Of Counsel)
State Bar No. 16109800
aponcio@ponciolaw.com
Alan Braun (Of Counsel)
State Bar No. 24054488
abraun@ponciolaw.com

Davis Law Firm
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
(210) 212-7979

**ATTORNEYS FOR PLAINTIFF MEDFINMANAGER, LLC**