UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MEDFINMANAGER, LLC § | No. 5:23-cv-963-DAE |
|    *Plaintiff*, § | |
| § | |
| vs. § | |
| § | |
| HENRY RIDGEWAY and § | |
| WILLIAM KEILER, § | |
|    *Defendants*. § | |

ORDER

Before the Court is Defendant William Keiler's ("Defendant Keiler") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) filed on April 9, 2024. (Dkt. # 21.) On May 21, 2024, Plaintiff MedFinManager, LLC ("Plaintiff") filed its Response. (Dkt. # 25.) Defendant did not file a reply. The Court finds this matter suitable for disposition without a hearing. After careful consideration of the filings and relevant case law, and for the reasons that follow, the Court finds it lacks subject matter jurisdiction and **DISMISSES** the case. The Court **DENIES** all pending motions as **MOOT**.

BACKGROUND

On August 4, 2023, Plaintiff filed this lawsuit in attempt to collect a judgment entered against Defendant Henry Ridgeway ("Ridgeway") in an underlying state lawsuit. (Dkt. # 1.) In that underlying suit, a jury found Defendant Ridgeway guilty of breach of contract and fraud and awarded Plaintiff

damages against Defendant Ridgeway in the amount of $215,104.39. (Id. at 2.) A Judgment against Ridgeway was entered by the state court on August 19, 2022 (the "Judgment"); however, this case is still on appeal. (Id.)

In the underlying suit, Plaintiff alleges Defendant Keiler represented in a notarized, signed document the following to the state court during a temporary injunction hearing:

> I am an attorney licensed to practice in the State of Texas. "I am the owner of certain Morgan Stanley accounts with a balance of more than $414,000.00. I pledge up to $215,000.00 of these accounts to pay damages, if any, incurred by Henry Ridgeway in No. 2017-CI-23662, MedFinManager, LLC vs. Ernest P. Barrett. I also agree not to allow the balances of my accounts to be less than $215,000.00 until this litigation is completed or until this obligation is released by further order of the court" (the "Affidavit").

(Dkt. # 16 at 3.)

As noted above, the underlying suit is currently on appeal. (Id. at 5.) To date, the Judgment has not been paid by either Defendant to Plaintiff. (Id.)

On October 2, 2023, Defendant Keiler filed a motion to dismiss for failure to state a claim. (Dkt. # 5.) On October 30, 2023, Plaintiff thereafter amended his complaint. (Dkt. # 11.) On November 17, 2023, Defendant Keiler filed another motion to dismiss. (Dkt. # 13.) Plaintiff filed its Second Amended Complaint on December 13, 2023. (Dkt. # 16.)

Plaintiff seeks declaratory relief to state that he is entitled to enforce the agreement made as a result of the Affidavit against Defendants Keiler and

2

Ridgeway. (Id. at 5.) Plaintiff also seeks a declaration that the Affidavit is an enforceable agreement and that it was foreseeable that the court and Plaintiff would rely on the representations to Plaintiff's detriment. (Id.)

Alternatively, Plaintiff seeks relief for his fraud related and negligence related claims and claims for quantum meruit and promissory estoppel against both Keiler and Ridgeway and seeks the $215,000.00 at issue plus additional damages and costs. Plaintiff alleges it has suffered damages and is incurring attorneys' fees in this collection effort in order to secure the funds at issue and/or payment of the Judgment. (Id.)

## LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002). The Fifth Circuit applies the same standard to a motion under Rule 12(c) as it does for a motion under Rule 12(b)(6). Id., at 313 n.8; Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).

In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may

4

take judicial notice." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

## DISCUSSSION

As a threshold matter, in reviewing the parties' claims, it appears that the issues in this case turn on underlying state court judgments. This Court, however, is without jurisdiction to review final state court orders. Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000).

The Rooker-Feldman doctrine prevents federal district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[.]" Exxon Mobil Corp. v. Saudi Basic Indus., Corp., 544 U.S. 280, 291 (2005). By virtue of the Rooker-Feldman doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final court orders." Weekly, 204 F.3d at 615. "Although the doctrine 'usually applies only when a plaintiff explicitly attacks the validity of a state court's judgment, . . . it can also apply if the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision.' " Morris v. Wells Fargo Bank,

5

677 F. App'x 955, 957 (5th Cir. 2017) (quoting Ill. Cent. R.R. Co. v. Guy, 682 F.3d 381, 390–91 (5th Cir. 2012)).

Based upon an underlying state court Judgment, Plaintiff seeks declarations under the federal Declaratory Judgment Act that Keiler is obligated to comply with the Affidavit, that the Affidavit is enforceable against Keiler, and that both Keiler and Ridgeway submitted the document to the court in an effort to deter and deflect the court and Plaintiff from proceeding through with and securing a TRO and/or temporary injunctions. (Dkt. # 16 at 9.)  In addition, Plaintiff asserts state claims for negligent misrepresentation, fraud, fraudulent inducement, fraudulent misrepresentation, and conspiracy to commit fraud against Defendants Keiler and Ridgeway, and also brings claims for promissory estoppel and quantum meruit.  (Id.)

Defendant Keiler argues Plaintiff's sparse pleading evinces its attempt to collect a judgment underlying a previous lawsuit from a non-party where no legally enforceable agreement, contract, or obligation exists between Defendant Keiler and Plaintiff.  (Dkt. # 21 at 3.)  Moreover, Defendant highlights that the underlying Judgment is still on appeal in the state court system.  (Id.)  Plaintiff has not alleged that it has sought any other enforcement action provided under Texas law, such as turnover orders, garnishment, post-judgment discovery, execution on the judgment.  (See Dkt. # 25 at 7.)

At this stage of the proceedings, it is apparent that Plaintiff's "federal claims are so inextricably intertwined with [ ] state [court] judgment[s]," such that this Court would necessarily have to review the state court decisions to adjudicate Plaintiff's claims.  See Morris, 677 F. App'x at 957.

To be sure, disposition of the parties' claims would require modifying or nullifying some, if not all, of the underlying state court Judgment.  It is precisely this type of review that the Rooker-Feldman doctrine prohibits.  See Liedtke v. State Bar, 18 F.3d 315, 317 (5th Cir. 1994).  For this reason, this Court finds it lacks subject matter jurisdiction over the instant claims.  See Exxon Mobil, 544 U.S. at 284.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** the case for lack of subject matter jurisdiction.  The Court **DENIES** all pending motions as **MOOT**. (Dkt. # 21.)  The Clerk is **INSTRUCTED TO CLOSE THE CASE.**

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 3, 2024.

_____
David Alan Ezra
Senior United States District Judge